# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VALENCIA F., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of the Social Security Administration, <br><br> Defendant. | Civil No.  2:19-cv-00194-CMR <br><br> **MEMORANDUM DECISION AND ORDER** <br><br> Magistrate Judge Cecilia M. Romero |

This matter is before the court pursuant to 42 U.S.C. § 405(g) to address whether the Administrative Law Judge ("ALJ") committed reversible error in denying Plaintiff Valencia F.'s ("Plaintiff") claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.

After careful review of the entire record, the parties' briefs, and consideration of arguments made at the hearing on administrative record on June 12, 2020, for the reasons stated on the record, the court will reverse the ALJ's decision, and remand the case back to the Social Security Administration ("SSA") for further review.

## I. BACKGROUND

Plaintiff, at age 33, applied for Social Security Disability benefits on April 21, 2015, alleging permanent disability due to a learning/intellectual disorder, post-traumatic stress disorder, and obsessive-compulsive disorder (Tr. 233).  Plaintiff's application was initially denied and she requested a hearing which was held on February 16, 2017 (Tr. 35-45).  A second

1

full hearing was held September 26, 2017 (Tr. 46-79). On February 21, 2018, the ALJ found that Plaintiff's disorders did not meet or equal a medical listing and determined at step five that there were a number of jobs available in the national economy that Plaintiff could perform (Tr. 26-27, 74-75) (Tr.14). Plaintiff requested review by the Appeals Council, which was denied on January 23, 2019 (Tr. 1). This appeal followed.

On appeal, Plaintiff argues the ALJ erred: (1) by not considering Listing 12.05 ((Plaintiff's Brief ("Pl. Br.") 3); (2) in finding Plaintiff had only moderate limitations in assessing the paragraph B criteria of Listing 12.04 (Pl. Br. 7); (3) in her assessment of Plaintiff's residual functional capacity ("RFC") (Pl. Br. 11); (4) by giving "little weight" to Dr. Malm's opinion (Pl. Br. 12); and (5) in evaluating Dr. Cohen's medical interrogatory (Pl. Br. 13).

## II.   ANALYSIS

Our task in analyzing Plaintiff's appeal is limited to determining whether substantial evidence supports the SSA's factual findings and whether the agency applied the correct legal standards. *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Here, as stated on the record, the ALJ committed reversible error in failing to identify Plaintiff's intellectual disorder as a severe impairment at step two of the evaluation process which resulted in a failure to consider Listing 12.05 at step three despite substantial evidence in the record of such an impairment. The court also finds the ALJ failed to consider substantial evidence in the record of Plaintiff's intellectual disorder in combination with her other mental impairments at step three. This step three error further affected the ALJ's assessment of Plaintiff's RFC and was therefore not a harmless error.

## III.     CONCLUSION

For these reasons, the case must be remanded for proper development in light of these findings.  Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is REVERSED and REMANDED.

DATED this 27 July 2020.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah